## CLARKE v. HEDGE & HEATON.

1. PRACTICE: SETTING ASIDE A DEFAULT. The Supreme Court will not interfere with the exercise of the discretion vested in the District Court, in setting aside a default, unless it is manifest that such discretion has been abused.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

*C. C. Nourse* for the appellant, cited *Harrison* v. *Kramer*, 3 Iowa 555.

*M. D. McHenry* for the appellee.

WRIGHT, J.—The appellant, plaintiff, complains of the action of the court below, in setting aside a judgment by default, entered against the defendant Heaton. The motion, with the defendant's answer, and an affidavit of his counsel were filed the same day of the default, but after the same was entered. Without stopping to inquire whether there had been such service on Heaton as entitled plaintiff to his

default, it is sufficient to say that we see no good reason for interfering with the discretion of the court, as exercised upon the facts and circumstances presented. While such motions are not granted, as a matter of course, yet the court hearing the same has a large discretion, and we would not interfere unless it was manifest that such discretion had been abused. Nothing of the kind appears in this case. It is simply one of those cases in which we should not have felt at liberty to interfere, if the ruling had been either way. The court in the exercise of its discretion having let the defendant in to defend, the order will not be disturbed. Upon this subject, see *Harrison* v. *Kramer et al.,* 3 Iowa 543; *Messenger* v. *Marsh,* 6 Ib. 491.

Affirmed.